UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT F. SCHUH, | CV F 05-1337 REC DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| PAUL M. SCHULTZ, Warden, | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

BACKGROUND

Petitioner is currently in custody of the Bureau of Prisons at the United States Penitentiary at Atwater, California, pursuant to a conviction for maintaining a drug house in violation of Title 21 of the United States Code § 856(a)(1).  Petitioner does not indicate the location of the Court of conviction.  Petitioner does indicate, however, that he appealed his sentence and, in May 2002, the Seventh Circuit Court of Appeals reversed the trial court and ordered the four point upward departure removed.  Petitioner was re-sentenced on July 3, 2002. Petitioner filed another appeal to the Seventh Circuit Court of Appeals.  On February 12, 2003, the Seventh Circuit declined to hear the second appeal.  Petitioner then filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court.  The motion was denied, without prejudice.

1

1  On September 23, 2005, Petitioner filed the instant petition for writ of habeas corpus in
2  this Court.  Petitioner alleges that he is entitled to have his sentence corrected pursuant to the
3  standards set forth in Blakely v. Washington, 542 U.S. 296 (2004) and Apprendi v. New Jersey,
4  530 U.S. 466 (2000), and that his counsel was ineffective.

## JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, *only the sentencing court has jurisdiction*.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence.  Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.  However, a petition contending Petitioner's conviction is invalid is still a § 2255 petition regardless of what Petitioner calls the petition.  See Brown, 610 F.2d at 677.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective

1  to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997)
2  (quoting § 2255).  Although there is little guidance from any court on when § 2255 is an
3  inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow
4  exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is
5  insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a
6  petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate);
7  Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th
8  Cir.1956).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.
9  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

10         In the petition for writ of habeas corpus, Petitioner makes no attempt to demonstrate that
11 § 2255 is inadequate and ineffective.  Petitioner concedes that he has challenged his sentence
12 pursuant to Blakely v. Washington, by way of a § 2255 motion.  In Apprendi, the Supreme Court
13 held that "any fact [other than a the fact of a prior conviction] that increases the penalty for a
14 crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond
15 a reasonable doubt." Apprendi, 530 U.S. at 488-490.  In Blakely, the Supreme Court reaffirmed
16 its holding in Apprendi. Blakely, 124 S.Ct. at 2536.  To the extent Petitioner claims that § 2255
17 review is "inadequate or ineffective" within the meaning of the "savings clause" of § 2255
18 because he has already filed a motion pursuant to § 2255 which was denied, it is without merit.

19         The Ninth Circuit has provided little guidance on what constitutes "inadequate and
20 ineffective" in relation to the savings clause.  The Ninth Circuit has acknowledged that "[o]ther
21 circuits have held that . . . a federal prisoner who is actually innocent of the crime of conviction,
22 but who has never had an unobstructed procedural shot at presenting a claim of innocence, may
23 resort to § 2241 if the possibility of relief under § 2255 is foreclosed." Lorentsen v. Hood, 223
24 F.3d 950, 954 (9th Cir.2000) (internal citations omitted).  Nevertheless, the Ninth Circuit in
25 Lorentsen specifically declined to decide whether to adopt the holdings of any other circuits. Id.
26 Notably, however, the Ninth Circuit did find that the Petitioner in Lorentsen could not invoke the
27 "escape hatch in § 2255" because the Petitioner was not "actually innocent" of the underlying
28 conviction. Id.

1    Petitioner does not, and cannot, demonstrate that the § 2255 forum is inadequate or
2 ineffective. Apprendi was decided on June 26, 2000. Apprendi, 530 U.S. 466. Petitioner did not
3 pled guilty to the underlying offense until July 31, 2000. (Petition at 3.)   Petitioner clearly had
4 the opportunity to raise both his claims under Apprendi and Blakely to the Seventh Circuit Court
5 of Appeals.  If Petitioner did not present his claims, including his claim that trial counsel was
6 ineffective, in his first § 2255 motion, only he can be faulted for his failure to do so.  As
7 Petitioner clearly concedes in his petition, Petitioner raised his claim under Blakely to the
8 Seventh Circuit Court of Appeals, and Petitioner therefore had an "unobstructed procedural shot"
9 and took advantage of it.  Petitioner has not demonstrated the remedy to be inadequate or
10 ineffective.  In Moore v. Reno, the Ninth Circuit stated, "the dismissal of a subsequent § 2255
11 motion pursuant to 28 U.S.C. § 2244(b) does not render federal habeas relief an ineffective or
12 inadequate remedy." 185 F.3d 1054, 1055 (9th Cir.1999).  Moreover, Petitioner does not indicate
13 whether he sought permission to file a successive § 2255 motion.  It is possible that the motion
14 would be granted in which case Petitioner would have another opportunity to present his claim in
15 the proper forum.  Thus, Petitioner has not shown that he did not have an "unobstructed
16 procedural shot" at presenting his Apprendi and Blakely challenges.

17    In addition, Petitioner fails to demonstrate that he is "actually innocent" of the offense
18 and therefore deserving of the savings clause exception.  Petitioner makes no claim that he is
19 factually innocent of the underlying conviction; rather, Petitioner claims constitutional error in
20 the factors underlying his sentence.  Sentencing error does not constitute actual innocence as set
21 forth by the Supreme Court in Bousley v. United States, 523 U.S. 614, 623 (1998) ("To establish
22 actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely
23 than not that no reasonable juror would have convicted him.").  Like the petitioner in Lorentsen,
24 Petitioner fails to demonstrate actual innocence.

25    Therefore, the petition must be dismissed.

## RECOMMENDATION

27    Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
28 DISMISSED because the petition does not alleges grounds that would entitle Petitioner to relief

4

1  under 28 U.S.C. § 2241.

2      These Findings and Recommendations are submitted to the assigned United States
3  District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-
4  304 of the Local Rules of Practice for the United States District Court, Eastern District of
5  California. Within thirty (30) days after being served with a copy, any party may file written
6  objections with the court and serve a copy on all parties. Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections
8  shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after
9  service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to
10  28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the
11  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
12  F.2d 1153 (9th Cir. 1991).

13      IT IS SO ORDERED.

14  **Dated:   November 15, 2005**            **/s/ Dennis L. Beck**
    3b142a                                      UNITED STATES MAGISTRATE JUDGE